UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| JEROME TALLEY, | ) | CASE NO. C08-0677-TSZ |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| T.C. BAILEY, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Plaintiff Jerome Talley is currently confined in the King County Jail in Seattle, Washington. Appearing *pro se*, he recently filed an application to proceed *in forma pauperis* ("IFP") together with a proposed civil rights complaint, pursuant to 42 U.S.C. § 1983. In the complaint, plaintiff names as sole defendant Seattle Police Officer T.C. Bailey. Plaintiff alleges that on October 22, 2007, Officer Bailey stopped plaintiff, searched him, and confiscated fifty dollars from plaintiff without affording him protections guaranteed by the Due Process Clause of the Constitution. Plaintiff now seeks a hearing to determine whether he has the right to get the money back. After screening plaintiff's complaint pursuant to 28 U.S.C. § 1915A, the Court recommends, for the reasons set forth below, that plaintiff's case be dismissed without prejudice.

REPORT AND RECOMMENDATION
PAGE -1

01    Where, as here, a prisoner alleges the deprivation of a property interest, the prisoner
02 cannot state a constitutional claim if the State provides an adequate post-deprivation remedy. *See*
03 *Zinerman v. Burch*, 494 U.S. 113, 129 (1990) ("[T]he State, by making available a tort remedy
04 that could adequately redress the loss, had given the prisoner the process he was due."). It
05 appears that Washington provides an adequate remedy for the loss of property through the
06 Washington Tort Claims Act. *See* RCWA § 4.92.090. Accordingly, the present § 1983 action
07 may not proceed, and the Court recommends that it be DISMISSED without prejudice. [1] In
08 addition, plaintiff's IFP application may be DENIED as moot. A proposed Order accompanies
09 this Report and Recommendation.

10    DATED this 1st day of May, 2008.

11
12                                    Mary Alice Theiler
                                      United States Magistrate Judge
13

---

[1] Because it is clear that any attempt by plaintiff to amend his complaint to cure the above-described deficiencies would be futile, the Court need not provide plaintiff with an opportunity to amend prior to dismissal. *See Flowers v. First Hawaiian Bank*, 295 F.3d 966, 976 (9th Cir. 2002); *Lucas v. Department of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).

REPORT AND RECOMMENDATION
PAGE -2